**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| ANTHONY BRIDGEFORD, | : | No. 793 MAL 2017 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Order** of the |
| v. | : | Commonwealth Court at No. 1179 CD |
| | : | 2017 entered on September 26, 2017, |
| | : | **dismissing** the Order of the |
| G. ALLISON, CAPTAIN ABRASHOFF, S. | : | Huntingdon County Court of Common |
| ELLENBERGER, A. SHOPE, B. FISHER, | : | Pleas at Nos. CP-31-CV-1026-2017 |
| K. KAUFFMAN, J. DUPONT, E. TICE, | : | and GG2587 entered on August 9, |
| AND CAPTAIN EICHENLAUB, | : | 2017 |
| | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**                                                        DECIDED: May 1, 2018

**AND NOW**, this 1st day of May, 2018, the Petition for Allowance of Appeal is GRANTED, the order of the Commonwealth Court is VACATED, and the matter is REMANDED for consideration of the merits of Petitioner's appeal. As the common pleas court had not originally granted Petitioner *in forma pauperis* (IFP) status, the Commonwealth Court's reference to Rule of Appellate Procedure 551 in its defect correction notice was in error. Instead, Rule of Appellate Procedure 552, which Petitioner followed, controlled. *See* Pa.R.A.P. 552. Because Petitioner's post-appeal IFP application was pending before the common pleas court, the Commonwealth Court should not have dismissed Petitioner's appeal for failing to comply with the defect correction notice. Furthermore, since the Commonwealth Court subsequently granted IFP status to Petitioner, no filing fee shall be required for the appeal before that court.